UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN TYSON,

                      Plaintiff,

- against -

SAINT JAMES FIRE DEPARTMENT, CHIEF OF DEPARTMENT EDWARD K. SPRINGER, JR., RYAN D. DAVIS *First Assistant Chief*, DAVID MILL *Second Assistant Chief*, FRANK SAPIENZA *Third Assistant Chief*, SAINT JAMES FIRE DISTRICT, FIRE COMMISSIONER EDWARD SPRINGER, SR., FIRE COMMISSIONER WILLIAM KEARNERY, FIRE COMMISSIONER JOHN YOUNG, and FIRE COMMISSIONER WILLIAM THEOBALT,

                      Defendants.
----------------------------------------------------------------X

                      **ORDER**
                  **ON MOTION**

        CV 18-6908 (DRH) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

        The Court issued its December 31, 2020 Electronic Order before seeing Defendants' submission filed at DE 31. Having now considered that response, the Court issues the following decision on Plaintiff's letter motion to compel [DE 30].

        Plaintiff's counsel argues that "during the course of the depositions, witnesses testified to the existence of numerous documents which were responsive to demands previously made. Accordingly, during the depositions themselves, I had made oral demands for the production of those documents. I had also made oral demands during the depositions when the witnesses testified to the existence of other relevant documents which were not produced." DE 30. In her response, Defendants' counsel states that "[w]hy the request for documents, for items requested at the deposition, were not formally requested until December 3, 2020 is not explained by Ms. Fisch. She did advise that it was her position that she told Ms. Berkowitz of my office that she

would be serving demands once the transcripts for the depositions became available." DE 31. Defendants' argument here misses the mark.

Defendants' assertion of a procedural defect here is misplaced. There is a distinct difference between a discovery demand served as part of the ordinary exchange of demands under Rule 34 and a demand for documents referenced at a deposition -- or in a paper follow-up after a deposition -- which have not been produced to date. A demand for documents at a deposition does not require formal service of a demand under Rule 34. *New Falls Corp. v. Soni*, CV 16-6805, 2020 WL 2836787, at *5 (E.D.N.Y. May 29, 2020). It is well-settled among district courts within this Circuit that an oral request for documents made during a party deposition need not be followed up with a "formal" document demand in order to trigger the producing party's obligation to respond. *Id.*; see *Ferlito v. County of Suffolk*, CV 06-5708, 2009 WL 10702834, at *2 (E.D.N.Y. Sept. 25, 2009) (same); *Kara Holding Corp. v. Getty Petroleum Mktg., Inc.*, 2002 WL 475125, at *5 (S.D.N.Y. Mar. 28, 2002) (directing production of documents that the plaintiff "requested formally at depositions"); *Llewellyn v. N. Am. Trading*, 1997 WL 177878, at *2 (S.D.N.Y. Apr. 11, 1997) ("[t]reating plaintiff's oral requests at [the defendant's] deposition as an operative request for production of documents"); *Bank of N.Y. v. Meridien Biao Bank Tanzania Ltd.*, 171 F.R.D. 135, 145 (S.D.N.Y. 1997) (same); *Jackson v. Novell, Inc.*, 1995 WL 144802, at *1 (S.D.N.Y. Apr. 3, 1995) (enforcing document request made during party deposition); *Shum Yip (U.S.A.) Co., Ltd. v. Chiu*, 1993 WL 426835, at *3 (S.D.N.Y. Oct. 19, 1993) (finding that the Magistrate Judge properly rejected argument that "an oral request for production of [a document] during the deposition was insufficient to request that the [document] be produced"). The documents at issue here which were requested during any of the respective depositions should have been produced automatically or the parties should have

worked out their disputes concerning such records expeditiously in order to permit an necessary motion practice.

Having said this, the Court finds that the Plaintiff's delay here is troubling as well. Plaintiff's counsel has had ample time following on each deposition to resolve the production of the records sought. Likewise, the Court finds that 34 requests followed up on at this late stage of discovery is problematic. Given the circumstances, the Court is directing the parties to conduct a good faith meet-and-confer during the week of January 4, 2021. As noted, Defendants were under an obligation to produce the records timely after each deposition (or take steps to resolve any objections to specific documents to be produced). Therefore, Defendants will produce any essential documents which were requested which are material to a claim or defense raised in this case. Likewise, the Court expects Plaintiff's counsel to pare down the list of 34 requests to only those which are material in the manner just described. These issues are to be resolved by the close of business on January 8, 2021. To the extent there are any residual unresolved issues, Plaintiff may make a motion to compel, pursuant to Local Civil Rule 37.1, addressing the very limited disputed issues which are left. That motion must be filed on ECF by January 15, 2021 and must be filed in the format required by Rule 37.1 or it will be rejected. Any opposition must be filed by January 21, 2021. To the extent set forth here, DE 30 is GRANTED, in part.

**SO ORDERED.**

Dated: Central Islip, New York
      January 1, 2021

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge